### RUEDIGER v. RUEDIGER.
### No. 98602.

Circuit Court, Duval County.

June 10 and December 17, 1958.

Joseph C. Black, Jacksonville, for plaintiff.

Lanas Troxler, Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

*Stay order, June 10, 1958:* The jurisdiction of this court over the defendant Francis Carroll Ruediger has been challenged by a motion to dismiss for lack of jurisdiction filed May 28, 1958 from which it affirmatively appears that there was instituted in the circuit court of the seventh judicial circuit, in and for St. Johns County, Florida, on May 20, 1957, a suit for divorce by the defendant herein against the plaintiff herein, and that thereafter said cause was dismissed on February 14, 1958, by reason of the fact that the parties did theretofore effect a reconciliation and did resume cohabitation and had last cohabited as late as Friday, January 3, 1958; it further appears that the defendant herein, who was the plaintiff in the St. Johns County suit, entered an appeal from the order of dismissal, following which the district court of appeal, first district, on April 22, 1958, granted a motion filed by appellee (plaintiff herein) to quash the appeal and affirmed the order of dismissal and later denied petition for rehearing; on May 1, 1958, this cause was filed *and personal service obtained on the defendant in Dade County, Florida, on May 13, 1958;* on May 22, 1958, the defendant filed a petition for certiorari to review the order of the district court of appeal, first district, granting the motion to quash the appeal and affirming the order of dismissal. At the present time, the petition for certiorari is pending in the supreme court of Florida, and the defendant asserts that this court lacks jurisdiction over him and the subject matter of this cause until he has exhausted his appellate remedies and the action of the circuit court of St. Johns County is finally affirmed or reversed.

Obviously, if the action of the trial judge in dismissing the St. Johns County proceedings is reversed, this order and all proceedings herein will be void ab initio; on the other hand, if the appellate proceedings result in an affirmance, such affirmance will conclusively answer the challenge to this court's jurisdiction in these proceedings in favor of plaintiff herein. Service of process herein has been effected on the defendant and a dismissal of this cause at this time

would deprive the plaintiff of a valuable right, which might cause her irreparable injury. This is not a case where another court of competent jurisdiction is exercising or attempting to exercise such jurisdiction, but one in which another court has, after deliberation, determined that it has no jurisdiction, and that determination has been affirmed by the appellate court to which appeals as a matter of right are conferred by the constitution of this state; and while it is true that a further appellate remedy is available by petition for certiorari to the supreme court and that remedy is being pursued, this court as a court of equity is not justified in dismissing this cause outright and depriving plaintiff of the personal service already obtained on the defendant simply because the supreme court "might" grant a petition for certiorari and reverse the order of the district court of appeal. The proceeding now before the supreme court will determine whether or not the circuit court of the seventh judicial circuit in and for St. Johns County erred in dismissing the St. Johns County proceeding with prejudice on February 14, 1958. The fact that the circuit court of St. Johns County retained jurisdiction for the limited purpose of the enforcement of the provisions of its order of dismissal standing alone would not deprive this court of jurisdiction, and if it is finally determined that the trial judge did not err in dismissing that proceeding, then there can be no question as to the jurisdiction of this court in this cause and all further proceedings herein should be stayed until the final determination of that question by the supreme court.

It is accordingly ordered, adjudged and decreed that all proceedings herein be, and the same are hereby, stayed until further order of this court.

*Order, December 17, 1958:* This cause coming on to be heard before the court, pursuant to notice, upon the needs and faculties of the parties, and the court having heard the testimony of the plaintiff and the defendant on November 12, 1958, and having considered the same, the court finds as follows—

That plaintiff and defendant were married on December 31, 1956, and after several separations and reconciliations were finally and permanently separated on January 3, 1958.

That no children were born of the marriage, although plaintiff did suffer a miscarriage on November 5, 1957.

That at or about the time of the separation of the parties, plaintiff withdrew for her own use approximately $1,100 from a joint banking account of the parties, but otherwise plaintiff has had no contribution for support or maintenance from the defendant since said separation.

That plaintiff was not employed during the time the parties lived together and was not required to contribute to her own support, and was principally maintained in hotels, motels and similar public lodging places, except for four months, during which the parties lived in a home in the suburbs of Jacksonville.

That since said separation, plaintiff has been required to obtain employment, and is employed, despite a nervous condition for which regular medication is required, which employment provides a monthly income to plaintiff of approximately $230, net after deductions.

That the minimum monthly requirements of plaintiff to maintain her existence, including housing, food, transportation (English Ford), doctors, clothing, cosmetics, interest on loan, dry cleaning, medicine, and a $10 payment to her mother monthly, plus an estimated $10 for entertainment and miscellaneous expenses, total $266.

The plaintiff has engaged counsel to represent her in this proceeding, and has agreed to pay a reasonable fee for his services, and the court finds that the sum of $350 is a reasonable temporary attorney's fee for her attorney of record for his services rendered in this case only to the date of this order.

That defendant is a man of superior business ability and was formerly employed as an executive of Winn-Dixie Stores at an annual salary of $22,500; however, in the last year or two, he has suffered severe financial losses and his earning ability has been curtailed due to hypertension, from which the doctors predict he will recover in a period of from one to two years, approximately one year of which has already passed. At the present time he is employed by his uncle, C. R. Bull, at an annual salary of $10,000, and works with the Dade County Growers Exchange, which his uncle owns. His uncle also holds judgments against defendant in excess of $40,000, but is continuing to employ and assist defendant, notwithstanding defendant's inability to devote his full time and energies to the business by reason of his physical condition. In the last few weeks defendant has received $29,500 cash from his mother's estate, of which he is the sole beneficiary, and the estate still owns real property valued at approximately $20,000, which cannot be liquidated at the present time. Of the $29,500 recently received, he paid $20,000 to retire the existing mortgage indebtedness on a home at 4910 Arapahoe St., Jacksonville, which is occupied by his former wife and children. The balance of $9,500 was used to pay existing debts and obligations, including some attorney's fees owed plaintiff's attorney growing out of other litigation. Defendant also owns a 1958 Oldsmobile, which is fully paid for. Out of his present in-

come of $10,000 per year, the testimony of defendant showed that he is paying $615 per month in compliance with a final decree of divorce from his former wife, Naomi Hedgpeth Ruediger, including $300 alimony and support money for his said former wife and children, $100 per month for medical and dental care, including his own, $40 per month for taxes and insurance on the home at 4910 Arapahoe St., which he is required to provide for his former wife and children. In addition, he is sending his oldest son, age 16, to Hargrave Military Academy, at a cost of approximately $2,100 for a nine months' term, a substantial part of which he has already paid for the 1958-59 school year. He also lists automobile expenses which he is required to bear out of his salary at $165 per month, and his own personal living expenses and upkeep at $133 per month, all of which total slightly more than his $10,000 per year salary. He frankly states, however, that he has been "living beyond his means", and that some reduction must be accomplished somewhere to bring his living expenses in line with his income.

Based on the foregoing facts, the court makes the following conclusions of law—

Plaintiff is entitled to temporary alimony during the pendency of this litigation, which has already been in progress since May 1, 1958, and during which time she has received nothing and is entitled to such standard of living as defendant himself accorded her during the marriage, consistent with his ability to provide the same.

While defendant's obligation to his former wife and children by her cannot be defeated by his subsequent marriage to plaintiff and expense thereof, neither can the generosity he now feels toward his former wife and children be a shield to protect him from fulfilling his obligation to reasonably provide for plaintiff.

That notwithstanding his illness, financial losses, and the adequacy with which he provides for his former wife and the children of that marriage, defendant has the capacity and capabilities to weather the present financial storm and to provide the sum of $200 per month towards the needs of plaintiff, whether or not she continues to work, in order to restore some semblance of the standard to which she was accustomed during the marriage, and to provide for her attorney a temporary fee of $350 for his services in this case to date.

It is therefore ordered, adjudged and decreed—

That defendant is ordered to pay to the plaintiff, as and for temporary alimony during the pendency of this suit, the sum of $200 per month, beginning on December 1, 1958, which sum shall

be for the month of November, and continuing on the 1st day of each and every month hereafter until further order of this court.

That defendant shall pay to Joseph C. Black, Esq., counsel of record for plaintiff, the sum of $350, as and for his services herein to the date of this order, which said sum shall be paid within thirty days from the date hereof, together with the costs accrued to date and hereby taxed in the amount of $18.